# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARMEN DESTEFANO JR.,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0002**  (BOR Appeal No. 2045936 & 2045870)
(Claim No. 2010120872)

**SEVERSTAL WHEELING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carmen Destefano Jr., by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Severstal Wheeling, Inc., by Lucinda L. Fluharty,[1] its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 16, 2011, in which the Board affirmed April 13, 2011, and May 6, 2011, Orders of the Workers' Compensation Office of Judges. In its April 13, 2011 Order, the Office of Judges affirmed the claims administrator's April 29, 2010, decision in so far as it denied the request to add unspecified lumbar disc displacement as a compensable condition but reversed the decision in so far as it denied the request to add concussion as a compensable condition of the claim. The Order also affirmed the claims administrator's May 28, 2010, decision, which denied a request to add aggravation of degenerative disc disease at L5-S1 as a compensable condition. In its May 6, 2011, Order, the Office of Judges affirmed the claims administrator's May 11, 2010, decision denying a request for ultrasound, high voltage mode stimulation, motorized traction chiropractic manipulation, and passive and active rehabilitation procedures. The Order also affirmed the claims administrator's August 20, 2010, decision, which denied a request for a lumbar MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] Lucinda L. Fluharty of Jackson Kelly, PLLC, withdrew as counsel for employer, Severstal Wheeling, Inc. on October 3, 2012, after submitting its Response Brief.

1

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Destefano fell approximately eight feet on January 17, 2010, while working at a steel mill for Severstal Wheeling, Inc. His claim was held compensable for a cervical strain, a right shoulder strain, a lumbosacral strain, and a right elbow strain. On January 19, 2010, an MRI of Mr. Destefano's spine showed grade I spondylolisthesis at L5-S1. Although it was determined to have pre-existed the compensable injury, Dr. Fye believed that the fall aggravated the pre-existing condition. Between March and May of 2010, Dr. MacPherson requested authorization for several chiropractic treatments for Mr. Destefano's low back and reimbursement for a lumbar MRI. Dr. MacPherson also requested that aggravation of pre-existing degenerative disc disease be added as a compensable condition of the claim. On May 11, 2010, the claims administrator denied Dr. MacPherson's request for an ultrasound, high voltage stimulation, motorized traction chiropractic manipulation, and passive and active rehabilitation procedures. On May 28, 2010, the claims administrator denied Dr. MacPherson's request to add aggravation of degenerative disc disease as a compensable condition. Finally on August 20, 2010, the claims administrator denied Dr. MacPherson's request for repayment for a lumbar MRI.

On April 13, 2011, the Office of Judges affirmed the claims administrator's denial of the request to add aggravation of degenerative disc disease as a compensable condition. The Order of the Office of Judges also affirmed an April 29, 2010, claims administrator's decision in so far as it denied the request to add unspecified lumbar disc displacement as a compensable condition but reversed the decision in so far as it denied the request to add concussion as a compensable condition. The Order added concussion as a compensable condition. On May 6, 2011, the Office of Judges affirmed the claims administrator's May 11, 2010, denial of the requested chiropractic treatment. The Office of Judges also affirmed the claims administrator's August 20, 2010, denial of repayment for a lumbar MRI. The Board of Review then affirmed the April 13, 2011, and May 6, 2011, Orders of the Office of Judges, leading Mr. Destefano to appeal.

On appeal, Mr. Destefano has limited his protest to the denial of aggravation of pre-existing degenerative disc disease as an additional compensable condition, the denial of authorization for chiropractic treatments, and the denial of repayment for a lumbar MRI. Mr. Destefano has not challenged the Board of Review's conclusions with regard to the denial of the rejection of lumbar disc displacement as a compensable condition or the addition of concussion as a compensable condition.

In its April 13, 2011, Order, the Office of Judges concluded that a preponderance of the evidence established that Mr. Destefano did not aggravate his pre-existing degenerative disc disease at L5-S1 as a result of the compensable injury. The Office of Judges found that although Mr. Destefano suffered a lumbosacral strain, the MRI of January 19, 2010, demonstrated that there was no change in his spondylolisthesis following the compensable injury. The Office of Judges relied on a report of Dr. Langa, who compared MRIs performed prior to the compensable injury with the January 19, 2010, MRI and found that there was no change in Mr. Destefano's degenerative condition. Based on this report, the Office of Judges determined that the January

17, 2010, fall did not aggravate Mr. Destefano's pre-existing degenerative condition. The Office of Judges considered the records of Dr. MacPherson, who believed that an aggravation had occurred. But the Office of Judges found that there was no objective evidence of an aggravation in Dr. MacPherson's records.

In its May 6, 2010, Order, the Office of Judges concluded that the preponderance of the evidence did not establish the medical necessity or reasonableness of Mr. Destefano receiving the requested additional chiropractic care. The Office of Judges also concluded that the preponderance of the evidence did not establish the medical necessity or reasonableness of an additional MRI. The Office of Judges determined that the requested treatments and MRI related to Mr. Destefano's pre-existing degenerative condition which was not a compensable condition of the claim. The Office of Judges based this determination on the reports of Dr. Langa and Dr. Martin, who both attributed Mr. Destefano's current symptoms to pre-existing spondylolisthesis. The Office of Judges also relied on a records review by Dr. Elwert who found that the requested treatments related to Mr. Destefano's degenerative condition. The Board of Review adopted the findings of the Office of Judges and adopted its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The evidence in the record shows that Mr. Destefano did not suffer an aggravation of his pre-existing degenerative disc disease as a result of his compensable injury. Dr. Langa's report demonstrates that Mr. Destefano had a history of grade I spondylolisthesis. Dr. Langa compared the MRI taken on January 19, 2010, to prior MRIs of Mr. Destefano's lumbar spine and found no changes in his spondylolisthesis at L5-S1 following the injury. Although there is some evidence indicating that Mr. Destefano has suffered an aggravation of his degenerative condition as a result of the compensable injury, the evidence is primarily conclusory and does not include objective findings to support its conclusions. Mr. Destefano has not introduced enough evidence to add aggravation of pre-existing degenerative disc disease as a compensable condition of the claim. Since Mr. Destefano's pre-existing degenerative condition is not compensable, the chiropractic treatments and lumbar MRI that relate to that condition should not be authorized. There is no evidence in the record which demonstrated that the requested treatments and MRI are medically necessary and reasonably related to a compensable condition of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 7, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman

Justice Menis E. Ketchum
Justice Allen H. Loughry II